IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN STATES POLICE BENEVOLENT ASSOCIATION INC, THE TENNESSEE POLICE BENEVOLENT ASSOCIATION, THE STONES RIVER CHAPTER, and BRADLEY W. HARWELL, <br><br> *Plaintiffs,* <br><br> v. <br><br> SHERIFF MIKE FITZHUGH, CHIEF KEITH LOWERY, and MAJOR KYLE EVANS, <br> (in their personal and official capacities), <br> *Defendants.* | **COMPLAINT** <br> (Jury Trial Demanded) |

## COMPLAINT

The Plaintiffs, for their cause of action against Defendants, respectfully state the following:

## INTRODUCTION

1. This matter arises from Defendants' retaliation against Plaintiffs Southern States Benevolent Association Inc. ("SSPBA"), and Bradley W. Harwell, a former K-9 officer for the Rutherford County Sheriff's Office, based on the content of his communications with investigators about protected activities involving members of SSPBA, the Tennessee Police Benevolent Association ("Tenn. PBA"), the Stones River Chapter, and the political endorsement of the Sheriff's electoral opponent by the Chapter.

2. Plaintiff Harwell was an elected official of the SSPBA, serving as president of the Stones River Chapter of the Southern States Police Benevolent Association Inc. One of Plaintiff's roles as president was to conduct political screenings for the Rutherford County Sheriff's Office and Mayor in both 2018 and 2019 and determine endorsements.

3. In 2018, the Stones River Chapter endorsed member Mike Fitzhugh for sheriff, and he was subsequently elected. In 2022, the chapter endorsed Virgil Gammon instead of Fitzhugh for Sheriff. Following this endorsement, Fitzhugh withdrew his membership, and members under his command voiced disagreement with the chapter's decision. Fitzhugh was ultimately reelected.

4. Plaintiff was brought in for interrogation for an undisclosed reason. Defendant Major Kyle Evans threatened Plaintiff with decommission if he refused to answer questions about protected identities and discussions with members of the SSPBA. Plaintiff Harwell refused to answer and sought legal assistance from SSPBA. Plaintiff was subsequently demoted from his position as a K-9 officer, and his K-9 was retired.

5. It is reasonable to infer that the retaliation from Defendants occurred because of the endorsements of member Mr. Virgil Gammon and Plaintiff's duties as chapter President.

6. All of the actions alleged herein were intentional and acted out under color of law.

## PARTIES

7. Plaintiff Southern States Benevolent Association Inc. ("SSPBA") consists of over 72,000 members, with its principal place of business at 2155 Highway 42 S, McDonough, Georgia 30253. The Tennessee Police Benevolent Association is a division of the SSPBA.

8. Plaintiff Stones River Chapter is a local Chapter of the SSPBA and represents members in Rutherford County, TN.

9. Plaintiff Deputy Bradley W. Harwell is a 21-year veteran of the Rutherford County Sheriff's Office and an eight-year veteran of the Rutherford County Sheriff's Office's K9 unit.

2

10. At all times material hereto, Harwell served as the president of the Stones River Chapter. Plaintiff was elected by members of the association, and entrusted with identities of members, communications, and other protected private matters within the Association.

11. Defendant Chief Keith Lowery served as Chief of Rutherford County Sheriff's office in 2024.

12. Defendant Major Kyle Evans served as in house legal counsel for Rutherford County Sheriff's Office in 2024.

13. Defendant Sheriff Mike Fitzhugh was elected Sheriff of Rutherford County in 2018 and 2022.

## JURISDICTION, AND VENUE

14. This action is brought by Plaintiff pursuant to 42 U.S.C. § 1983 to redress the violation by Defendants of Plaintiffs' rights secured by The First Amendment to the Constitution of the United States.

15. This Court has jurisdiction under 28 U.S.C. § 1331 and 1343 to hear Plaintiffs' claims arising under the Constitution and laws of the United States and under 28 U.S.C. § 1343 to hear Plaintiffs' claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

16. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(2) as this is the judicial district in which all of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

17. As President of the Stones River Chapter of the SSPBA, Plaintiff's role was to assist members, provide a voice to fellow officers, and when a legal question or incident occurred, request legal assistance from the SSPBA.

18. Plaintiff Harwell's roles as Chapter President included conducting political screenings for candidates of the Rutherford County Sheriff's Office and the Mayor in both 2018 and 2022. In 2022, the Chapter voted to endorse member Virgil Gammon for Sheriff of Rutherford County. The Tennessee Chapter approved the endorsement and announced it as stated in Ex. A attached hereto. Defendant Mike Fitzhugh was angered by this endorsement and withdrew his membership from the Chapter. Defendant Mike Fitzhugh was elected Sheriff of Rutherford County in 2022.

19. On or around May 15th, 2024, Deputy Tyler Cravens, a deputy in the K9 unit, was terminated. Deputy Cravens was a member of the SSPBA and the Stones River Chapter. He approached Harwell, in his capacity as Chapter President, to inquire about possible legal defense benefits.

20. One of Harwell's roles as Chapter President included screening for legal coverage for SSPBA members, thus acting as an agent for SSPBA legal to discuss issues with members for the purpose of SSPBA legal coverage. A member's request on how to seek legal coverage is confidential. Harwell explained the process and options to Cravens and on May 16, 2024, submitted a request for service for legal assistance to SSPBA Legal.

21. Cravens had not shared any specifics about the investigation and had only asked to speak with an SSPBA attorney for advice before moving forward on his potential grievance matter.

22. Following Cravens' termination, all K9 unit members, as well as Lt. Trey Nunley, who had been Cravens' shift supervisor, were questioned at the Sheriff's request, by Major Kyle Evans, the general counsel for the Sheriff's Office and Office of Professional Responsibility. These interviews concerned conversations and or interactions with Cravens.

23. Harwell was called into Evan's office on or around May 21st, 2024. Lt. Detective Steven Craig was also in the room, recording the interview.

24. Harwell immediately informed Evans that he had interacted with Cravens on behalf of SSPBA, but that he could not discuss the conversations regarding SSPBA and Chapter confidential relationships.

25. Evan's tone changed. He insisted that Harwell would have to answer his questions.

26. Harwell, wishing to speak to the SSPBA about this matter, requested to make a phone call, but Evans declined.

27. Harwell then stood up and opened the office door. Evans gave him a direct order to sit. Evans then left the office and returned with Chief Keith Lowery to reiterate the demand that Harwell answer the questions or be decommissioned and sent home.

28. Lowery informed Harwell that the interviews were being conducted at his and Sheriff Fitzhugh's direction.

29. Evans asked Harwell to sign a Garrity and Giglio advisement form and demanded that he describe his conversations with Cravens, and contended that as a leader of a police "union", Harwell was not covered under any type of attorney/client privilege.

30. Harwell responded that he was not pretending to be an attorney, but that he felt Evans was not respecting his position with the SSPBA.

31. Evans asserted that Harwell was employed with the Sheriff's office, and his obligation was to that office. Evans continued to demand that he answer and called him "insubordinate".
32. Harwell continued to refuse the relentless questioning of Evans. Evans demanded Harwell to disclose any evidence of "political discrimination".
33. Harwell said he knew nothing about the circumstances that surrounded Cravens which led to the termination, and that he had no communications with him concerning the termination. Evans inquired into how Harwell learned of Cravens' termination; Harwell said that Sgt. Lee Young had informed the unit at their K-9 training.
34. Evans inquired about the K-9 training that Harwell attended.
35. Harwell replied that he had been to several National Narcotic Detector Dog Association events, S.W.A.T., and K-9 Interacting During Deployment School.
36. Evans then prefaced his next line of questioning with, "Going back to the SSPBA's political screenings where the chapter endorsed another candidate for Sheriff…" and asked if Plaintiff felt subjected to political discrimination.
37. Harwell responded that his political opinions were irrelevant and that he did not want to answer.
38. Evans once again tried to compel Harwell to answer, said Harwell was being insubordinate, left the office, and returned with Lowery. Lowery threatened Harwell with decommission if he did not answer the questions.
39. Harwell told Evans and Lowery he had not previously made a Complaint, and thus the questions were immaterial.

40. Evans continued to order Harwell to answer, and eventually asked if Harwell would like to contact the SSPBA. Harwell said, "yes", and stepped out of the office to contact SSPBA Senior Staff Attorney Mr. Dale Preiser in Atlanta, Georgia.

41. Upon Plaintiff Harwell's return, he declined to answer the questions. Under continued pressure, Harwell informed Evans that he did feel like he was being discriminated against.

42. Harwell reminded Evans that when Cpl. Scott Martin retired his K-9 partner and was leaving the unit, Harwell had expressed interest in being promoted to the rank of Corporal.

43. Harwell was also passed over for a promotion into the detective division that had applied for when news that his K-9 partner might be retired, and he had received no answer as to when a new animal would be assigned.

44. Harwell was told that two other candidates had been selected for the promotion by Detective Sargeant Jackson.

45. Harwell asked Evans if he needed to go see Lowery due to the repeated threats of decommission. Evans stated, "No, you're good." Harwell returned to his duties and completed his shift.

46. The following week, Harwell left the country on a family vacation. While he was away, he received notification from SSPBA Legal that he had been assigned an attorney to evaluate and provide a legal opinion on the questioning that he endured.

47. On June 12th, 2024, Harwell was demoted. Harwell returned to work and was written up for insubordination by Evans, was provided keys to a new patrol unit by Lt. Oeser and was ordered to transition out of the K-9 unit.

48. Evans gave Harwell unsolicited advice on how to operate SSPBA business. Evans said Harwell would receive a copy of the write-up.

7

49. Harwell has still not received a copy of the write-up, a formal notice from leadership with a reason for the sudden retirement of his K-9, nor any correspondence regarding his demotion from the K-9 unit.

50. The removal from the K-9 unit caused Plaintiff Harwell to lose $18,500 in annual compensation.

## COUNT 1

**Claims Against Defendants Major Kyle Evans, Chief Keith Lowery, and Sheriff Mike Fitzhugh in Their Official and Individual Capacities, Pursuant to 42 U.S.C. § 1983 For Violation of The Tennessee Police Benevolent Association, The Plaintiff Stones River Chapter, and Plaintiff Harwell's First Amendment Rights to Associate**

51. As Chapter President, Plaintiff Harwell was tasked with handling privileged communications between members seeking legal assistance, and in sensitive associational activities including political endorsements. By demanding the identities and communications of members of association, the rights of members to associate were chilled.

52. Plaintiff's actions were part of protected associational activities within the SSPBA chapter. Intimidation through questioning without a compelling justification violates Plaintiffs' right of association.

53. Retaliation by the Defendant for SSPBA-related advocacy or suppressing member communications, interfered with protected association activities, and violated Plaintiffs' First Amendment right to associate.

54. As described above, Defendants violated all Plaintiffs' rights under The First Amendment of the Constitution of the United States by:

a. Demanding identities of a protected Association's members;

b. Demanding the communications of members of a protected Association;

c. And retaliation against Plaintiff Harwell for protected activities.

55. Interference with Plaintiffs' protected activities within an association threatens the First Amendment right to expressive association, as it disrupted the organization's autonomy and message.

56. Deprivation of Plaintiff Harwell's rights by retaliation against him, and the Stones River Chapter because of resentment of the chapter's endorsement of the Sheriff's opponent and Harwell's refusal to disclose confidential matters during the interrogation. The retaliation was accomplished by his removal from the K-9 unit, and his denial of promotions.

## COUNT 2

**Claims Against Defendants Major Kyle Evans, Chief Keith Lowery, and Sheriff Mike Fitzhugh in Their Official and Individual Capacities, Pursuant to 42 U.S.C. § 1983 For Violation of Plaintiff Harwell's Right to Privacy**

57. By demanding Plaintiff Harwell reveal names and conduct of protected association members, otherwise face retaliation, without a compelling government interest. Defendants violated Plaintiff Harwell's right to privacy under the First Amendment of the Constitution of the United States.

58. Defendants had no right to demand the identities of members of the association or their conduct from Plaintiff Harwell, a custodian of the association could be compelled through legal means.

59. The First Amendment prohibits a State from compelling disclosures that will subject those persons identified to the reasonable probability of threats, harassment, or reprisals.

# COUNT 3

**Claims Against Defendants Major Kyle Evans, Chief Keith Lowery, and Sheriff Mike Fitzhugh in Their Official and Individual Capacities, Pursuant to 42 U.S.C. § 1983 For Violation of Plaintiff, Stones River Chapter, The Tennessee PBA, and SSPBA's First Amendment Right to Free Speech**

60. The SSPBA is has thousands of members in Tennessee and other Southern States. The Tennessee PBA is a division of the SSPBA. The SSPBA engages in public advocacy on behalf of its members including Plaintiff Harwell.

61. The SSPBA advanced its interest by (1) Aiding Plaintiff in the knowledge of protections of guaranteed rights under the U.S Constitution, (2) working with Plaintiff to protect the content of speech of and identity of other members, (3) being an unincorporated association and voice for its members in the State of Tennessee.

62. Aided with the advocacy of SSPBA, and the Tennessee division, Plaintiff Harwell faced retaliation and demotion for his efforts to avoid aiding Defendants in the violation of Plaintiff SSPBA's, and Tennessee Division's, guaranteed right of Free Speech under First Amendment the Constitution of the United States.

63. To deprive Harwell of his First Amendment rights as Chapter President is to do the same to the Stones River Chapter, The Tenn. PBA, and SSPBA itself.

# COUNT 4

**Claims Against Defendants Major Kyle Evans, Chief Keith Lowery, and Sheriff Mike Fitzhugh in Their Official and Individual Capacities, Pursuant to 42 U.S.C. § 1983 For Violation of Plaintiff Stones River Chapter, The Tennessee PBA, and Plaintiff SSPBA's First Amendment Right to Associate**

64. Police officers, such as Plaintiff Harwell, have the right to gather for the lawful purposes of aiding and advising each other, with the aim of asserting the rights the Constitution guarantees them.

65. Plaintiff Harwell, as Chapter President, joined this organization for the purpose of association.

66. Speech between him in his capacity as Chapter President with fellow members is protected by the First Amendment of the Constitution of the United States.

67. Neither Plaintiff Harwell's association with the SSPBA, nor the SSPBA's association with Plaintiff Harwell, disrupted any aspect of the Rutherford County Sheriff's Office ability to provide public services.

68. The adverse action, and retaliation performed by Defendants under the direction of the Sheriff, violated Plaintiff's guaranteed right to Free Speech under the First Amendment of the Constitution of the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays:

1. That the Court find and declare that the actions of Defendants violated Plaintiffs' rights as guaranteed by the First Amendment of the Constitution of the United States;

2. That Plaintiffs be awarded compensatory damages, as well as punitive damages from the Defendants individually.

3. Plaintiffs demand trial by jury on all issues so triable;

4. That the Court award Plaintiffs their reasonable attorneys' fees; and the costs of this cause as allowed by law, and;

5. That the Court award such further and additional relief as the Court may deem necessary and proper.

Respectfully Submitted,

/s/ Gary Blackburn
W. Gary Blackburn (BPR #3484)
THE BLACKBURN FIRM PLLC.
315 Deaderick Street, Suite 1700
Nashville, TN 37238
P: (615) 254-7770
F: (866) 895-7272
gary@theblackburnfirm.com

*Attorney for Plaintiffs*